Filed 10/4/16  P. v. Hibbard CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MITCHELL ALAN HIBBARD,<br><br>    Defendant and Appellant. | G053141<br><br>(Super. Ct. No. 14NF5116)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*        *        *

## 1. Introduction

Mitchell Alan Hibbard (Defendant) admitted a probation violation. As a consequence, the trial court revoked probation and sentenced Defendant on his conviction for possession or control of child pornography (Pen. Code, § 311.11, subd. (a)), for which sentence previously had been suspended. Defendant filed a notice of appeal from the sentence.[1] Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel suggested an issue to assist us in conducting our independent review. Defendant was granted 30 days to file written arguments in his own behalf, but did not file anything.

We have examined the entire record and counsel's *Wende/Anders* brief. After considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

## 2. Background

In September 2015, a jury found Defendant guilty, as charged, of one count of possession or control of child pornography in violation of Penal Code section 311.11, subdivision (a). The trial court suspended imposition of sentence and placed Defendant on five years' formal probation with standard terms and conditions, including the provision that he violate no law. Pursuant to Penal Code section 290, Defendant was required to register as a sex offender.

In December 2015, Defendant's probation officer filed a petition for arraignment on probation violation. The petition alleged Defendant had violated the

---

[1] An order revoking probation while imposition of sentence is suspended is appealable from the judgment following revocation. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1186.) We deem the notice of appeal to be from the judgment.

condition of probation that he violate no law by failing to update his sex offender registration status, as required by Penal Code sections 290.011 and 290.018, subdivision (g).

Defendant admitted the probation violation at the probation violation arraignment conducted on December 8, 2015. As the same time, Defendant pleaded guilty to a related misdemeanor offense. The trial court terminated probation and imposed a prison sentence of 16 months on the conviction for possession or control of child pornography. Defendant received a total of 626 days' credit for time served.

Defendant timely filed a notice of appeal.


**4. Analysis**

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. Defendant himself has not filed a supplemental brief raising any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Counsel has suggested we consider whether Defendant knowingly, intelligently, and voluntarily waived his right to a contested hearing on the probation violation petition. The issue would have not merit. Defendant did not obtain a certificate of probable cause before filing the notice of appeal. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 74, 78 [certificate of probable cause required to challenge validity of plea and sentence imposed in accordance with plea agreement]; *People v. Sem*, *supra*, 229 Cal.App.4th at pp. 1186-1187 [certificate of probable cause required to challenge validity of admission of probation violation].) Nothing in the record suggests that Defendant did not knowingly, intelligently, and voluntarily waive his right to a contested hearing on the probation violation petition.

3

### 4.  Disposition

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.